179 So. 316

**STATE v. DESOTO SECURITIES CO., Inc.**

No. 33889.

Feb. 7, 1938.

S. M. Atkinson, of Mannsfield, for appellant.

Lee & Lee, of Shreveport, for appellee.

FOURNET, Justice.

The State of Louisiana proceeded by rule against the DeSoto Securities Company to recover a license or occupation tax for the years 1933 and 1934, plus statutory penalties and attorney's fees for conducting the business of purchasing, selling, trading in, or lending on notes secured by chattel mortgage, vendor's, contractor's, mechanic's, or other statutory liens, or otherwise, under the provisions of section 30 of Act No. 190 of 1932.

The defendant resisted the rule on the ground that it had been in the process of liquidating its affairs since a time prior to the year 1933, and that during the years 1933 and 1934 and up to the time of filing its answer it had not been engaged in the alleged business and its actions during that time had been restricted solely to collecting obligations due it arising prior to the year 1933.

The case was submitted upon an admitted statement of facts substantially embracing the facts asserted in the defendant's answer. The trial judge rejected the State's demand, and it has appealed.

It is argued, without submission of authorities in support thereof, by counsel for the State that, while it was agreed that said defendant was in a state of liquidation, it appears from the record that the defendant was not being liquidated by "Court appointed liquidators, but through itself in its private capacity, and there is no reason why it should not pay the license tax sued on, penalties, costs and attorney's fees."

The authority under which the license tax is levied against the business allegedly conducted by the defendant is under section 30 of Act No. 190 of 1932, which provides: "That there is hereby levied an annual license tax upon each person, firm, corporation or association of persons *engaged in the business* of purchasing, selling, trading in or lending on notes secured by chattel mortgage, vendor's, contractor's, mechanic's or other statutory liens." (Italics ours.)

A mere reading of the section conclusively shows that it was the intention of the Legislature to tax only those *engaged in the business* named but not those engaged in the liquidation of such a business. The fact that the defendant is liquidating its own affairs instead of through the aid of the court, in our opinion, is immaterial.

For the reasons assigned, the judgment of the lower court is affirmed.

HIGGINS, J., absent.